IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


F. P. WOLL & COMPANY          :     CIVIL ACTION
                              :
        v.                    :
                              :
FIFTH & MITCHELL, et al.      :     NO. 96-5973


<u>MEMORANDUM AND ORDER</u>


McLaughlin, J.                          September 26, 2007


        This environmental case was filed in 1996 against
approximately fifteen defendants alleging claims under CERCLA,
HSCA and the Storage Tank Act.[1]  After protracted litigation,
there is one motion left for decision by the Court -- the
plaintiff's motion for attorneys' fees and costs against
defendant Eaton Laboratories, Inc., under the Storage Tank Act.

        The plaintiff filed its motion for attorneys' fees and
costs on February 12, 2007.  The filing consisted of a two-page
memorandum of law and ten years of billing sheets from the law
firms who represented the plaintiff.  Counsel for the plaintiff
submitted an affidavit stating that he had reviewed the bills and

---

[1]    CERCLA is the Comprehensive Environmental Response,
Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601- 9675,
as modified by the Superfund Amendments and Reauthorization Act
of 1986, Pub. L. No. 99-499, 100 Stat. 1613.  HSCA is the
Pennsylvania Hazardous Sites Clean-Up Act, 35 P.S. § 6020.101, <u>et
seq.</u>  The Storage Tank Act is the Pennsylvania Storage Tank and
Spill Prevention Act, 35 P.S. § 6021.101, <u>et seq.</u>

"edited" them to remove charges not "related to the activities associated with the plaintiff's [Storage Tank Act] claim."  The motion seeks costs in the amount of $107,516.77 and fees in the amount of $485,988.33 against Eaton Laboratories, Inc.

Eaton Laboratories objected to the motion, arguing that (1) the motion improperly included fees and costs incurred in litigating the plaintiff's claims under CERCLA and HSCA, statutes that do not allow for attorney's fees; (2) the billing descriptions are vague at best; (3) there are billing rate discrepancies; (4) the plaintiff included billing entries for insurance litigation; and, (5) more than $63,000 of the total costs are related to the work of an expert whose testimony was necessary for HSCA and CERCLA as well as the Storage Tank Act.

On May 15, 2007, the Court ordered the plaintiff to perform the following tasks with respect to the billing records it had submitted to the Court: (1) re-review the entries on the billing sheets to delete those that on their face do not relate to Eaton or to the Storage Tank Act claim; (2) review the billing sheets to determine and identify with specificity whether any of the work reflected in the bills was performed with respect to the plaintiff's case against defendants other than Eaton Laboratories; (3) review the billing sheets to determine and identify with specificity whether any of the work done with respect to Eaton Laboratories concerned claims other than those

2

under the Storage Tank Act, the only statute at issue that allows for attorney's fees; (4) reorganize the billing records to make them more comprehensible to the Court; and (5) do the same analysis with respect to costs it seeks to recover.

The plaintiff filed a supplemental memorandum in which the plaintiff separated the time entries into four classes. Class A represented time that could not be related to the proof of the Storage Tank Act claim or resulting damages.  This category amounted to $2,606.  Class B represented time that the plaintiff conceded could not be established as likely related to the Storage Tank Act claims.  This category amounted to $102,487. Class C represented time related to all three statutory schemes. This category amounted to $356,013.33.  Class D represented those entries that the plaintiff argues are related directly to the Storage Tank Act issues.  This category amounted to $80,855.32.

The plaintiff appears to concede and the Court finds that the time described as Class A and Class B is not recoverable.  The plaintiff seeks recovery as to Class C and Class D.  Eaton Laboratories argues that none of the time represented by Class C is recoverable because it related to CERCLA and HSCA liability and not just the Storage Tank Act claim.  Eaton Laboratories also made numerous objections to specific items listed under Class D.

3

In considering the extent to which recovery should be allowed for time in Class C, the Court looks to the language of the Storage Tank Act itself.  The provision of the Storage Tank Act that authorizes the award of attorney's fees provides that such an award may be made "whenever the court determines such award is appropriate."  35 P.S. § 6021.1305(f).  This language leaves the award to the exercise of this Court's discretion.  See Krebs v. United Refining Co. of Pa., 893 A.2d 776, 786 (Pa. Super. Ct. 2006).

Krebs cautions that the exercise of the Court's discretion should be tempered by the remedial purpose of the statute and therefore construed liberally, so that the provision authorizing fee-shifting "has the requisite 'teeth' to help realize the [Storage Tank Act's] goals of preventing, providing liability for, and collecting costs of cleanup related to storage tank spills in the Commonwealth."  Id., 893 A.2d at 788.  Krebs, however, concerned a suit involving only the Storage Tank Act.

The Court must also consider the substantial difference between the proof required to prevail under CERCLA and HSCA and the more relaxed proof required under the Storage Tank Act.  To establish a claim under CERCLA or HSCA, a plaintiff must establish, inter alia, a "release" or "threatened release" of hazardous substances from a covered site into the environment, and that this "release" caused the plaintiff to incur "response

4

costs."  See United States v. CDMG Realty Co., 96 F.3d 706, 712
(3d Cir. 1996) (interpreting CERCLA § 9607); In re Joshua Hill
Inc., 294 F.3d 482, 485 (3d Cir. 2002) (interpreting HSCA).

        In contrast, the Storage Tank Act does not speak in
terms of "releases" of hazardous substances or "response costs,"
but instead contains a rebuttable presumption of liability
"without proof of fault, negligence or causation, for all
damages, contamination or pollution" caused by hazardous
substances found within 2500 feet of a storage tank that
contained that substance.  35 P.S. § 6021.1311.  The evidence
that the plaintiff needed to prevail on its Storage Tank Act
claim was therefore narrower and more limited than that needed
for its CERCLA and HSCA claims.

        The Court also considers that the plaintiff litigated
claims under CERCLA and HSCA over many years against many
defendants that involved, in some instances, substances other
than those substances found in Eaton's storage tank.  The
plaintiff's counsel has not attempted either in his
contemporaneous billing sheets or in his submission to this Court
to respond to these issues.  Not only has the plaintiff not
differentiated among defendants or substances in seeking
attorney's fees incurred in pursuing the HSCA and CERCLA claims
but the billing sheets are vague at times to the point of
incomprehensibility.  The Court considered ordering the plaintiff

5

for a second time to revise the billing sheets, but concluded that that would be unfair to Eaton.  Eaton has already expended significant time detailing the insufficiencies in plaintiff's current submission and would have to spend additional time responding to the revised billing records.  The plaintiff has had two chances to submit to the Court billing records that justify the amount of attorney's fees and costs requested, and has failed to do so.

Taking all of the above into consideration, the Court concludes that as to the C entries, the plaintiff may recover for any entry that specifically mentions the Storage Tank Act, no matter to what time period it relates.  The plaintiff may also receive 20% of the time spent on the first trial that occurred from July 11, 2005, to July 14, 2005.  There were three categories of evidence during the first trial: (1) evidence that related only to the Storage Tank Act; (2) evidence that related only to CERCLA and HSCA; and (3) evidence that related to all three statutes.  Most of the evidence fell into the second category – evidence that related only to CERCA and HSCA.  Very little of the evidence fell into the first category – evidence related only to the Storage Tank Act.  The Court chose 20% as a reasonable approximation of the portion of the first trial that related only to the Storage Tank Act plus one-third of the portion that related to all three statutes.

6

As to the time reflected in Class D of the plaintiff's supplemental memorandum, the Court concludes that the plaintiff may recover for (1) any time that specifically mentions the Storage Tank Act, no matter when it was incurred, and any time that the plaintiff can demonstrate went directly to the Storage Tank Act issues; and, (2) all of the attorney's fees reflected in pages 49 through 53 of the billing sheets.  Pages 49 through 53 reflect time spent on the jury trial that dealt only with the Storage Tank Act issues.

The plaintiff shall recalculate the attorney's fees in accordance with this decision by October 19, 2007.

As to costs, the plaintiff may recover 20% of the costs as a reasonable approximation of what relates to the Storage Tank Act claims against this one defendant.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

F. P. WOLL & COMPANY        :    CIVIL ACTION
                            :
            v.              :
                            :
FIFTH & MITCHELL, et al.    :    CASE NO. 96-5973

ORDER

AND NOW, this 26th day of September, 2007, upon consideration of plaintiff's motion to award attorneys fees and costs (Docket No. 340), the defendant's opposition thereto, the two supplemental submissions by the plaintiff concerning attorneys fees and the opposition to those submissions by Eaton Laboratories, Inc., IT IS HEREBY ORDERED that said motion is granted in part and denied in part for the reasons stated in the accompanying memorandum.  IT IS FURTHER ORDERED that the plaintiff shall recalculate the attorney's fees and costs in accordance with this decision and submit such recalculation to the Court on or before October 19, 2007.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.