IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

F. P. WOLL & COMPANY          :     CIVIL ACTION
                              :
         v.                   :
                              :
FIFTH AND MITCHELL STREET,    :
CORP., et al.,                :     CASE NO. 96-5973

MEMORANDUM AND ORDER

McLaughlin, J.                          September 8, 2008

        This is a suit concerning the environmental

contamination of property in Lansdale, Pennsylvania, which was

owned by plaintiff F.P. Woll. & Company ("Woll").  After

protracted pre-trial proceedings, this Court held a bench trial

on Woll's claims for contribution and response costs from July 11

to July 14, 2005, and a jury trial on Woll's claims for

diminution of the value of its property on December 12 and 13,

2006.  The Court entered a final judgment in this case on January

26, 2007.  Woll filed a timely notice of appeal from the final

judgment, and that appeal remains pending.

        Woll has now moved to amend the Court's final judgment

to eliminate an offset that the Court applied to Woll's damages.

Defendants Fifth and Mitchell Streets Corp. and Fifth and

Mitchell Street Co. (collectively "Fifth and Mitchell") and Eaton

Laboratories, Inc. ("Eaton") have filed briefs in opposition.

For the reasons below, the Court will deny the motion.

I.   <u>FACTS</u>

In an Order signed January 26, 2007, the Court entered final judgment in Woll's favor in this matter in the amount of $40,708.00 for contribution and response costs and $306,250.00 for diminution of property value, for a total judgment in Woll's favor of $346,958.00.[1]  No damages, however, were awarded under the judgment because the Court set off the amount of the judgment against three settlements that Woll had previously made with other defendants.  Those settlements totaled $370,000, of which the largest was a $350,000 settlement with Jetronics Industries, Inc. ("Jetronics").

The set-off in the January 26, 2007, final judgment was based on the Court's prior Memorandum and Order of August 16, 2006.  In that Memorandum, the Court found that the three settlements that Woll had made with other defendants should be applied <u>pro</u> <u>tanto</u> to reduce the remaining defendants' liability. The Court further found that the $350,000 Jetronics settlement

---

[1]    The judgment awarded contribution and response costs against the two Fifth and Mitchell defendants and Eaton under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607, 9613(f); the Pennsylvania Hazardous Sites Clean-Up Act ("HSCA"), 35 P.S. §6020.101 <u>et</u> <u>seq</u>; and the Pennsylvania Storage Tank and Spill Prevention Act ("Storage Tank Act"), 35 P.S. §6021.101 <u>et</u> <u>seq.</u>  The judgment awarded diminution of property values against Eaton under the Storage Tank Act.  Pursuant to the agreement of the parties, Woll's claims for contribution and response costs were decided by bench trial, and its claims for diminution of property value were decided by jury trial.

should be applied against any award in its entirety, even though the plaintiff had not yet received any money under the settlement and there was a dispute as to whether the settlement would be recoverable.

The plaintiff had represented that the Jetronics settlement was, by its terms, recoverable only against Jetronic's insurer, The Home Insurance Company ("Home Insurance"), which was in receivership.  Although the Court gave Woll time to provide the Court with evidence as to the status of the its claim against Home Insurance for the amount of the settlement, Woll was unable to more than confirm that a claim had been made.  The Court therefore found in its August 16, 2006, Memorandum and Order that Woll had failed to prove that its $350,000 settlement with Jetronics was unrecoverable and held that it would deduct the entire value of that settlement from the total liability of the defendants.  Both the August 16, 2006, Memorandum and Order and the January 26, 2007, final judgment that incorporated its reasoning, treated the issue of the Jetronics settlement as having been resolved.[2]

---

[2]     In contrast to the treatment of the Jetronics settlement, both the Memorandum and Order and Entry of Judgment expressly left several other issues open.  As part of the Entry of Judgment, the Court issued a declaratory judgment as to the defendants' liability to Woll for any future response costs that Woll might be required to expend.  If such future costs exceeded the remaining amount of the $370,000 settlement set-off, then the Court reserved the right to consider, at that time, how to treat an additional $10,000 settlement Woll made with another

Woll now moves to have the Court revisit that decision and find the Jetronics settlement to be uncollectible and, based on that finding, amend its final judgment to reduce the offset for prior settlements by the $350,000 amount of the final settlement.  As the basis for its motion, Woll attaches a June 17, 2008, letter on behalf of the Home Insurance liquidator to Woll's counsel.

The letter says that the liquidator for Home Insurance has evaluated Woll's proof of claim for its $350,000 settlement with Jetronics and will recommend that the claim be denied.  The basis for the denial is an exclusion in Jetronics' insurance policy for property damage "arising out of the discharge, dispersal, release or escape of . . . toxic chemicals, liquids, or gases, waste materials or other irritants, contaminants, or pollutants into or upon land, the atmosphere or any water course or body of water."  The letter notes that, by its terms, the exclusion "does not apply if such discharge, dispersal, release, or escape is sudden and accidental," but that the information reviewed by Home Insurance "shows no sudden or accidental releases that may have caused pollution" at the affected property.

The letter tells Woll's counsel that the liquidator intends to formally present a "Determination Recommendation" to

─────────────

defendant, D.C. Filter and Chemical, Inc.

4

the supervisory court for Home Insurance's liquidation within thirty days, recommending that the claim be denied, unless Woll requests that the liquidator reconsider its decision and provides additional information in support of its claim.  The letter cautions that, even if Woll provides additional information, the liquidator reserves the right to raise additional exclusions in the policy other than the pollution exclusion.

There is no further evidence in the record before the Court as to the status of Woll's claim against Home Insurance. It appears that Woll did not request reconsideration of the liquidator's recommendation that its claim be denied, but Woll does not explain whether the liquidator in fact made that recommendation to the supervisory court or whether the supervisory court has yet made a final determination on the claim.[3]

---

[3]      Although not mentioned in Woll's motion or the defendants' response, Woll appears to have filed several other actions against Home Insurance or its liquidator seeking payment for the Jetronics settlement.  Woll filed suit against Home Insurance in this Court in August 2000, seeking among other things, a declaratory judgment that Home Insurance was obligated to indemnify Jetronics for its settlement with Woll and that Home Insurance had no basis to deny coverage for the settlement.  This suit was placed in suspense because of Home Insurance's insolvency in 2003 and remains stayed.  From correspondence with the parties, it appears Woll also filed a declaratory judgment action against Home Insurance and/or its liquidator in Pennsylvania state court in 2007, which was subsequently voluntarily dismissed.  Woll has also previously stated in correspondence with the Court that it was pursuing a claim in the state courts of New Hampshire, the state with jurisdiction over Home Insurance's liquidation.  The status of any action in New

II.  <u>DISCUSSION</u>

    A.   <u>Subject-Matter Jurisdiction</u>

        The threshold issue in deciding Woll's motion is the Court's subject-matter jurisdiction.  The defendants suggest that Woll's filing of its notice of appeal from the Court's final judgment has deprived the Court of jurisdiction to entertain Woll's motion to amend that judgment.

        In general, the filing of a notice of appeal "is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58-59 (1982).  There are, however, exceptions, to this general rule. <u>See</u> <u>In re Merck & Co. Sec. Litig.</u>, 432 F.3d 261 (3d Cir. 2005) (noting that a district court retains the power to "review attorney's fees applications, order the filing of bonds, modify or grant injunctions, issue orders regarding the record on appeal, and vacate bail bonds and order arrests" while a case is on appeal); <u>Bensalem Tp.  v. Int'l Surplus Lines Ins. Co.</u>, 38 F.3d 1303, 1314 (3d Cir. 1994) (holding the filing of a premature notice of appeal does not divest a district court of jurisdiction); <u>Venen v. Sweet</u>, 758 F.3d 117, 121 (3d Cir. 1985) (holding that the filing of a notice of appeal from an

_____

Hampshire is unknown.

unappealable order does not divest a district court of
jurisdiction).

One pertinent exception is that the filing of a notice
of appeal will not prevent a district court from acting on a
timely-filed motion to amend or alter the judgment, whether that
motion was filed before or after the notice of appeal. <u>Venen</u>,
758 F.3d at 122 (citing Fed. R. App. P. 4(a)(4)). This exception
is based on Rule 4(a)(4) of the Federal Rules of Appellate
Procedure, which provides that, if a party timely files any of
four specified post-judgment motions, the time for filing an
appeal runs from the entry of the order disposing of the last
such motion and any notice of appeal becomes effective only when
the last of those motions is decided. Fed. R. App. P.
4(a)(4)(A),(B). The four specified motions are those for
judgment under Rule 50(b) of the Federal Rules of Civil
Procedure, to amend or make additional factual findings under
Rule 52(b), for attorney's fees under Rule 54 (if the district
court has extended the time to appeal under Rule 58), and to
alter or amend the judgment under Rule 59. Fed. R. App. P.
4(a)(4)(A).

A motion for relief from a judgment under Rule 60(b) is
not one of the motions listed in Rule of Appellate Procedure
4(a)(4). Consequently, it is not an exception to the general
rule that the filing of a notice of appeal divests a district

court of jurisdiction, and a district court therefore will lack jurisdiction to grant such a motion after a notice to appeal has been filed.  <u>Venen</u>, 758 F.2d at 123.  To further judicial economy, however, the United States Court of Appeals for the Third Circuit has set out a procedure allowing a district court to evaluate a motion under Rule 60(b), even absent jurisdiction:

> When an appellant in a civil case wishes to make a [Rule 60(b)] motion . . . while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion....

<u>Id.</u> (quoting <u>Main Line Fed. Sav. & Loan Assoc. v. Tri-Kell</u>, 721 F.2d 904, 906 (3d Cir. 1983) (ellipsis in original, other citations omitted).  The court of appeals may then remand the case and "[o]nce remanded, the district court will have power to grant the motion, but not before."  <u>Id.</u>

        In this case, Woll does not specify the Rule of Federal Civil Procedure under which it seeks relief.  Woll describes its motion as one "to amend the Court's final judgment."  Such a motion may be brought under Rule 59(e), but it "must be filed no later than 10 days after the entry of judgment."  Here, Woll's motion has been filed nineteen months after the entry of judgment, and, if Woll's motion is considered as one brought under Rule 59(e), it is untimely.  Because, as stated in <u>Venen</u>,

only a timely-filed Rule 59(e) motion will prevent a notice of appeal from divesting a district court of jurisdiction, the Court lacks jurisdiction to rule upon Woll's motion, if brought under Rule 59(e).

Woll's motion, however, could also be characterized as one for relief from a judgment under Rule 60(b).  Considered under Rule 60(b), Woll's motion would not be untimely on its face because such a motion can be brought, at least as to some grounds for relief, "within a reasonable time" after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  Under Venen, the Court would still lack jurisdiction to grant a Rule 60(b) motion outright, but, under the procedure set out in that case, the Court could proceed to examine the merits of the motion in order to determine whether it is inclined to grant it, and if so, permit the plaintiff to move in the appellate court for a remand of the case.

The Court will therefore construe Woll's motion as one brought under Rule 60(b) and will turn to an examination of the merits in accordance with the procedure set out in Venen.

B.   The Merits of Woll's Rule 60(b) Motion

Rule 60(b) sets out six grounds under which a district court may relieve a party from a final judgment or order.  Three of these grounds are no longer available to Woll because they

9

must be raised within one year after the entry of the judgment or order from which relief is sought.  Fed. R. Civ. P. 60(c)(1). These forfeited grounds are "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence that could not have been discovered in time to move for a new trial, and "fraud . . . misrepresentation, or misconduct by an opposing party."  Of the remaining three grounds for relief, two may be implicated here. Rule 60(b)(5) permits relief, among other reasons, if a judgment has been "satisfied, released, or discharged."  Rule 60(b)(6) authorizes a court to grant relief for "any other reason that justifies relief."

      1.   Rule 60(b)(5)

Courts have used Rule 60(b)(5) to allow a defendant to amend a judgment to account for settlement money paid to the plaintiff.  Sunderland v. City of Philadelphia, 575 F.2d 1089, 1090 (3d Cir. 1978).  In Sunderland, two defendants moved under Rule 60(b)(5) to reduce a $35,000 judgment entered against them by the amount of a $7,500 settlement that they had already paid to the plaintiff's insurance company to settle its subrogation claim against them to recover money already paid to the plaintiff.  The court granted the motion, finding that the defendants' payment to the plaintiff's insurer was a partial "satisfaction" of the judgment against them.

10

Unlike <u>Sunderland</u>, however, this case does not involve a party seeking relief from judgment on the grounds that the judgment has been satisfied.  It involves the reverse.  In this case, Woll is seeking relief from the final judgment on the ground that it did not receive the satisfaction it expected from the Jetronics settlement.  Woll is therefore not seeking relief the grounds that "the judgment has been satisfied, released, or discharged" and Rule 60(b)(5), by its terms, does not apply.[4]

2.   <u>Rule 60(b)(6)</u>

The remaining provision of Rule 60(b) available to Woll is the catch-all of Rule 60(b)(6), which allows a court to grant relief from judgment for "any other reason that justifies relief."  A motion under Rule 60(b)(6) must be made "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(6) was "intended as a means for accomplishing justice in extraordinary situations" and its use must be restricted to such situations in order to avoid violating

---

[4]   Rule 60(b)(5) also permits a court to grant relief from a judgment if "applying it prospectively is no longer equitable." That provision, however, applies only to judgments that are "prospective," such as those granting permanent injunctions.  It does not apply to judgments awarding damages, like the one at issue here.  <u>See</u> <u>Coltec Indus., Inc. v. Hobgood</u>, 280 F.3d 262, 271-72 (3d Cir. 2002); <u>Kock v. Gov't of V.I.</u>, 811 F.2d 240, 244 (3d Cir. 1987) (finding that judgment for money damages was "final at law, and not prospective in equity" and therefore the defendant was not entitled to relief under Rule 60(b)(5)).

the principle of the finality of judgments.  <u>Kock</u>, 811 F.2d at 246.  To obtain relief from a judgment under Rule 60(b)(6), a party must therefore show the existence of "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  <u>Sawka v. Healtheast, Inc.</u>, 989 F.2d 138, 140 (3d Cir. 1993).

        In this case, the Court does not believe that Woll has made the required showing for relief under Rule 60(b)(6).  Woll seeks relief from the final judgment in this case to adjust its damages to reflect that its $350,000 settlement with Jetronics is uncollectible.  The possibility that the Jetronics settlement might not be collectable is neither extraordinary nor unexpected.

        Under its terms, the Jetronics settlement was recoverable only against Jetronics insurer and therefore subject to the exclusions of Jetronics policy.  At the time the settlement was entered, Woll was therefore aware of the possibility that Jetronics' insurer could deny coverage under the terms of the policy.  According to the letter from the liquidator for Jetronics' insurer, this is exactly what has occurred.  The liquidator has denied Woll's claim for payment on the grounds that Jetronic's policy does not cover liability for the environmental pollution claims brought by Woll.  This is not, therefore, a case in which an unexpected, intervening event, such

12

as the insolvency of the settling party or their insurer, has
made a settlement unrecoverable.

Even if the circumstances here were sufficiently
extreme and unexpected to satisfy Rule 60(b)(6) and allow the
Court to reach the merits of Woll's argument, the Court is not
convinced that Woll has made a sufficient showing to justify
relief.  Woll bases its argument that the settlement is
uncollectible on the letter from Jetronic's insurer's liquidator.
The letter, however, is not a final determination on Woll's
claim, but only notice of a preliminary decision, which the
letter explains will be submitted in thirty days to the court
supervising the liquidation.  Woll has presented nothing to this
Court to indicate whether the liquidator or the supervisory court
has made any final decision on Woll's claim.  The liquidator's
letter also invites Woll to submit additional information in
support of its claim.  Woll has not said whether it has done so,
or whether it intends to contest the denial of its claim before
the supervisory court or appeal any adverse decision.  Given this
lack of finality to the denial of Woll's claim, the Court could
not say at this time that the settlement was uncollectible.

The Court understands the dilemma Woll faced in July
and August 2006, when the parties were briefing the damages
issues in this case.  At that time, Woll had settled with
Jetronics, but had been unable to collect payment from Jetronics'

insurer, which was already in receivership.  Before issuing its
August 16, 2006, Memorandum and Order, the Court held two
teleconferences with the parties to discuss damage issues,
including whether the Jetronics settlement was collectible.  At
both, the Court asked Woll to provide it with information as to
whether the receivership had money to pay claims and, if so, what
chance there was of Woll recovering any portion of its settlement
with Jetronics.  Woll provided no information other than to
confirm that it had made a claim for the amount of the settlement
with the receivership.  Without additional facts, the Court had
no basis to declare the Jetronics settlement uncollectible or to
discount the value of the settlement to reflect the chance that
it would not be paid.  Woll has not shown, or attempted to make a
showing, that additional information about the Jetronics
settlement was unavailable and could not have been provided to
the Court before it entered final judgment.

When the Court entered final judgment in this matter on
January 26, 2007, this case had been pending for eleven years.
The Court's judgment resolved all Woll's claims against the
remaining defendants and issued a declaratory judgment as to
liability for future response costs.  Woll had an opportunity to
present evidence to the Court before the entry of final judgment
to substantiate its assertion that the Jetronics settlement was
uncollectible, but it did not do so.  To allow Woll to reopen the

14

judgment now could be justified only in extraordinary circumstances.  <u>Sawka</u>, 989 F.2d at 140; <u>Kock</u>, 811 F.2d at 246. As explained above, the Court does not find such circumstances here.  The Court will deny Woll's motion.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

F. P. WOLL & COMPANY          :     CIVIL ACTION
                              :
        v.                    :
                              :
FIFTH AND MITCHELL STREET,    :
CORP., et al.,                :     CASE NO. 96-5973


ORDER

AND NOW, this 8th day of September, 2008, upon consideration of the plaintiff's Motion to Amend the Final Judgment to Eliminate the Offset for the Jetronic's Settlement (Docketed at both Nos. 365 and 367), and the response thereto, IT IS HEREBY ORDERED, for the reasons set out in the accompanying memorandum, that the Motion is DENIED.


BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.